

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00065-CR

_____

VICTOR MORENO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court No. A 4582-16-02; Honorable Kregg Hukill, Presiding

June 22, 2021

## ORDER ON PENDING MOTIONS

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Pending before this court are two post-opinion motions filed by Appellant, Victor Moreno, proceeding *pro se* and *in forma pauperis* following the dismissal of his most recent appeal for want of jurisdiction. *See Moreno v. State*, No. 07-21-00065-CR, 2021 Tex. App. LEXIS 3186, at *1 (Tex. App.—Amarillo April 27, 2021, no pet.) (mem. op., not designated for publication) (finding his February 2021 notice of appeal to be untimely in

invoking the jurisdiction of this court over his 2016 conviction for aggravated assault with a deadly weapon). By his first motion, he requests appointment of appellate counsel to assist him in filing an appellate brief. By his second motion, he requests an extension of time in which to file a docketing statement. For the reasons expressed herein, his first motion is denied and his second is rendered moot.

## BACKGROUND

Before addressing the merits of the pending motions, we set forth the background of Appellant's history with this court regarding trial court cause number A 4582-16-02. Appellant was convicted of aggravated assault with a deadly weapon and a thirty-year sentence was imposed on July 27, 2016. At trial and on appeal from his conviction, Appellant insisted on representing himself. As such, his first notice of appeal was untimely filed, and the appeal was dismissed for want of jurisdiction. *See Moreno v. State*, No. 07-18-00123-CR, 2018 Tex. App. LEXIS 2948, at *1-2 (Tex. App.—Amarillo April 25, 2018, no pet.) (mem. op., not designated for publication).

In May 2020, Appellant made a second attempt to appeal his conviction in trial court cause number A 4582-16-02. This court again dismissed the purported appeal for want of jurisdiction because the notice of appeal was filed four years after his conviction. *See Moreno v. State*, No. 07-20-00136-CR, 2020 Tex. App. LEXIS 5118, at *1 (Tex. App.—Amarillo July 10, 2020, no pet.) (mem. op., not designated for publication).

Several months later, Appellant filed a notice of appeal in the same trial court cause number to challenge the trial court's denial of his motion requesting appellate counsel. Once again, the purported appeal was dismissed on the basis that the trial court's ruling

2

was not an appealable order.  *See Moreno v. State*, No. 07-20-00239-CR, 2020 Tex. App. LEXIS 7486, at *1 (Tex. App.—Amarillo Sept. 15, 2020, no pet.) (mem. op., not designated for publication).

Appellant's most recent attempt to appeal his 2016 conviction for aggravated assault with a deadly weapon was addressed in *Moreno*, 2021 Tex. App. LEXIS 3186, at *1.  Appellant filed in the trial court a motion to reinstate his appeal in trial court cause number A 4582-16-02, which the trial court denied.  This court again found no jurisdiction to review the trial court's ruling and the purported appeal was dismissed.  *See id*.

### MOTION REQUESTING APPELLATE COUNSEL

Appellant again seeks relief from this court in the form of a motion to appoint him counsel to further attempt a challenge to his 2016 conviction for aggravated assault with a deadly weapon, even after dismissal of his most recent appeal.  Only the trial court has the authority to appoint counsel to represent indigent defendants, even after the appellate record has been filed.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d), 26.04(j)(2) (West Supp. 2020).  As such, Appellant's motion is denied.

### MOTION FOR EXTENSION OF TIME TO FILE DOCKETING STATEMENT

Rule 32.2 of the Texas Rules of Appellate Procedure requires an appellant in a criminal case to file a docketing statement on perfecting an appeal.  Appellant has now filed a docketing statement.  Thus, his request for an extension of time to file a docketing statement is rendered moot.

### CONCLUSION

In ruling on Appellant's motions, this court provides these additional comments. Appellant has attempted to appeal his 2016 conviction for five years. Additionally, he has made requests regarding docketing statements. He has also asked for and been provided with copies of case management sheets only to have him question the details of our case management system. Furthermore, he is familiar with the process for and has also sought an out-of-time appeal from this court as well as the Texas Court of Criminal Appeals. An out-of-time appeal may only be granted by the Texas Court of Criminal Appeals pursuant to article 11.07 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 11.07 (West 2015). His inquires have resulted in four explanatory letters dated October 9, 2019, October 29, 2019, December 11, 2019, and January 3, 2020. Significant judicial resources have been exhausted responding to Appellant's pursuit of relief from his 2016 conviction. This court has no authority to provide him that relief. As such, on the issuance of mandate in the present case, appellate cause number 07-21-00065-CR, no further filings regarding trial court cause number A 4582-16-02 will be accepted by the clerk of this court unless instructed to do so by the Texas Court of Criminal Appeals or expressly provided by the Texas Rules of Appellate Procedure.

It is so ORDERED.

Per Curiam

Do not publish.